United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 03-40835
Conference Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JOSE TORRES-VASQUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-36-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the judgment of conviction and sentence

of Francisco Jose Torres-Vasquez. United States v. Torres-

Vasquez, No. 03-40835 (5th Cir. Feb. 18, 2004). The Supreme

Court vacated and remanded for further consideration in light of

United States v. Booker, 125 S. Ct. 738 (2005). See Salas v.

United States, 125 S. Ct. 1111 (2005). We requested and received

supplemental letter briefs addressing the impact of Booker.

————————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torres-Vasquez argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by Booker. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).

Torres-Vasquez cannot make the necessary showing of plain error that is required by our precedent in United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Torres-Vasquez has also failed to meet the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari. See Taylor, 409 F.3d at 677. Moreover, this court has rejected his argument that a Booker error is a structural error or that such error is presumed to be prejudicial. See Mares, 402 F.3d at 520-22; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Torres-Vasquez's conviction and sentence.

AFFIRMED.